RECEIVED
2002 MAR 20 A 9:58
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

FILED
MAR 20 2002
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

CV-02-D 350-N

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Beverly Brabham

v

State of Alabama

via
Bullock County Circuit Court

## 28 U. S. C. S. 2254 HABEAS CORPUS

I, Beverly Brabham, come before this Honorable Court, requesting that I be granted leave to proceed in forma pauperis. I am unemployed at the present time.

The purpose for filing this habeas corpus is because my liberty is in jeopardy by the maliciousness of the State Court of Bullock County, Alabama. The State of Alabama, via Bullock County Circuit Court, offered early release from an almost completed "probation revocation" under the condition that I again be sentenced on Case # 96-54 to a term of three years probation. At the end of the hearing, I, Beverly Brabham, was advised by councel, family, nearby officers, and another Attorney to refuse probation and return to tutwiler to E.O.S. the sentence to avoid probation. I did so. Judge Smithart stated, in essence, that, "if you receive an early release of two months prior to the E.O.S. on April 10, 2001, I will order a sentence to three (3) years probation. Otherwise, if you remain incarcerated until the E.O.S., you are free and clear of all papers." I even asked the Judge if there was going to be any 'tricks' to this, because I am well aware of how corrupt the actions of that court are. He said no, no tricks.

On the night of April 10, 2001, Judge Smithart called my mother at her home and told her to "inform Beverly that she will be on probation for one year". My mother asked what he meant, that the reason I declined the probation in January and EOS'ed the sentence was so that there would be no probation. Smithart got very rude with her and hung up the telephone.

1

Enclosed is an order for the probation from Judge Smithart. I lived up to my end of the bargain agreement and EOS'ed the sentence. It is beyond fundamental unfairness for this double jeopardy. My liberty was again placed in jeopardy AFTER the completion of the sentence. Is this double jeopardy? It is certainly malicious prosecution. Can this Honorable Court order the January 24, 2001 transcript from that court? There were numerous witnesses as to what transpired in the court room on January 24, 2001. The Judge has refused to correct this blatant, harmful error. See the enclosed 'Motion to Correct Clerical Mistake.'

    I pray that this Honorable Court would consider the seriousness of my liberty again in jeopardy and the unfairness of the judge reneging on the bargain agreement. In the State of Alabama, a person who is incarcerated has the right to finish out the sentence, locked up, or to choose probation. It is to be an unfettered right.

                  Respectfully Submitted,

                  *Beverly Brabham*
                  Beverly Brabham
                  Pro Se Litigant

Beverly Brabham
203 Chunnenuggee Avenue
Union Springs, Alabama 36089

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

STATE OF ALABAMA,        )
   Plaintiff,                      )
Vs.                                        )   CASE NO. CC-1996-054
BEVERLY BRABHAM,    )
   Defendant.                   )

FILED IN OFFICE
APR 16 2001
CLERK-REGISTER, BARBOUR CO., ALA.

## ORDER

The Defendant in the above-styled case having served her split sentence in the above-styled case, IT IS HEREBY ORDERED that she be placed on unsupervised probation for a period of one (1) year.

DONE AND ORDERED this 16th day of April, 2001.

_____
Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

STATE OF ALABAMA       )
                       )
                       )
vs.                    )   CASE NO. CC-96-54
                       )
                       )
BEVERLY BRABHAM        )
                       )

RECEIVED
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

FILED IN OFFICE
JUL 03 2001
CLERK-REGISTER, BULLOCK CO., ALA.

### DEFENDANT'S MOTION TO CORRECT CLERICAL MISTAKE

COMES NOW, the Defendant, pursuant to Rule 29, Ala.R.Crim.P., and moves this Court to correct a clerical mistake in the record of the above-styled cause and in support, states as follows:

1. Pursuant to Rule 29, Ala.R.Crim.P., this Court can assume jurisdiction to correct a clerical mistake in the record;

2. On January 24, 2001, the Court held a hearing on Defendant's request for early release;

3. At the hearing on January 24, 2001, this Court instructed the Defendant to make a decision, i.e., either receive an early release that carried a period of probation with it, or agree to finish the prison sentence and at the end of sentence serve no probation;

4. After much consternation the Defendant made the decision to return to Tutwiler Prison and serve the remainder of her sentence in order to avoid having to serve a probation period;

5. In the case action summary sheet record of the above-styled case, there never was an entry by the clerk indicating that this Court entered its oral order on January 24, 2001, that the Defendant, Beverly Brabham, would not serve any probation time if she went ahead and completed her sentence;

6. The omission from the Case Action Summary Sheet of the contents of the oral order of

the Court on January 24, 2001, constitutes a clerical error, and this Court always has jurisdiction to correct a clerical error, pursuant to Rule 29, Ala.R.Crim.P.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Court will take these matters under advisement and that the Court will immediately correct the record by entering its written Order instructing the clerk to include in the Case Action Summary Sheets the oral order that states that Defendant chose to complete her sentence and that, in return, there would be no probation period for her to serve.

Respectfully submitted this 29th day of June, 2001.

*/s/ L. Scott Johnson, Jr.*
L. Scott Johnson, Jr. (JOH094)
Attorney for Petitioner
P.O. Box 1547
Montgomery, AL 36102
(334) 834-3221

**FILED IN OFFICE**

JUL 03 2001

CLERK-REGISTER BULLOCK CO., ALA.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above upon the Honorable District Attorney for Bullock County, Alabama, by placing a copy of the same in the United States mail, postage prepaid and properly addressed on this the 29th day of June, 2001.

*/s/ L. Scott Johnson, Jr.*

Hon. Boyd Wigham
District Attorney
P.O. Box 61
Union Springs, AL 36027